

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0437-09

**WANDA HIGBEE SCHINDLEY, APPELLANT**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SIXTH COURT OF APPEALS
FRANKLIN COUNTY**

*Per curiam.*

## O P I N I O N

A jury convicted and sentenced Appellant for driving while intoxicated. Appellant's

retained counsel timely filed a notice of appeal on September 10, 2008, and the clerk's record

was filed on September 19, 2008.  Neither the reporter's record, due to be filed on November

3, 2008, nor Appellant's brief was filed as of December 4, 2008.  On that date, the court of

appeals mailed a letter to Appellant's counsel stating that if the court did not receive information showing "a substantial and tangible effort to prosecute the appeal by showing either a reasonable attempt to obtain a reporter's record or by filing a brief based solely on the clerk's record" within ten days of the letter, the court would dismiss the appeal for want of prosecution. Having received no contact from Appellant, the court dismissed the appeal. *Schindley v. State*, No. 06-08-00195-CR (Tex. App. — Texarkana 2008). Appellant has filed a petition for discretionary review contending that the dismissal of her appeal without provision for a hearing in the trial court violated Rule of Appellate Procedure 38.8.

When an appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court. If no satisfactory response is received by the court of appeals within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant wishes to prosecute the appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations. Tex. R. App. P. 38.8(b)(2). Rule 38.8(b)(3) sets out the duties of the trial court with regard to the hearing, and Rule 38.8(b)(4) sets out the subsequent action that may be taken by the court of appeals. Rule 38.8(b) does not authorize dismissal of an appeal under the circumstances here.

The proper procedure is that the trial court be directed to conduct the required hearing, make appropriate findings and recommendations, and have a record of the proceedings prepared and sent to the appellate court. The court of appeals should then take action based on the trial court's record. We therefore grant review and vacate the judgment of the court of

appeals. We remand this cause to the court of appeals with instructions to comply with the

provisions of Rule of Appellate Procedure 38.8(b).

Delivered: May 6, 2009
Do Not Publish